United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIG INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>AON RE, INC.,<br><br>    Defendant / | No. C-06-848 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND; VACATING HEARING** |

    Before the Court is plaintiff TIG Insurance Company's motion for remand, pursuant to 28 U.S.C. § 1447(c), in which plaintiff argues that defendant Aon Re, Inc.'s Notice of Removal, filed February 8, 2006, was untimely. Defendant has filed opposition, to which plaintiff has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for April 14, 2006, and rules as follows.

    1. "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." See 28 U.S.C. § 1446(b). Here, defendant could ascertain from an "other paper" served on it by plaintiff, specifically, an Application for Approval of Complex Litigation Designation ("Application"),

that plaintiff was not a resident of Illinois,[1] and, consequently, that the parties are of diverse citizenship. (See Schrey Decl., filed March 31, 2006, Ex. 2 (stating plaintiff is incorporated in California and is "based" in Texas; also stating federal district court in Texas had recently exercised diversity jurisdiction over another action between plaintiff and defendant).) There is no question as to defendant's awareness of the requisite amount in controversy. Accordingly, defendant was required to remove the action within 30 days of its receipt of the Application.

        2. Defendant argues service of process was ineffective by reason of the manner in which delivery of the summons and complaint was made to defendant's registered agent for service of process, and thus the 30-day period to remove has not run. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) (holding 30-day removal period does not begin to run until defendant receives summons and complaint by "formal process").[2] Pursuant to § 416.10 of the California Code of Civil Procedure, a corporation may be served "by delivering a copy of the summons and complaint . . . [t]o the person designated as agent for service of process." See Cal. Code Civ. Proc. § 416.10. Section 416.10 is "liberally construed to effectuate service . . . if actual notice has been received by the defendant," see Pasadena Medi-Center Assocs. v. Superior Court, 9 Cal. 3d 773, 778 (1973) (internal quotation and citation omitted), and "the question of service should be resolved by considering each situation from a practical standpoint," id.

        Here, according to defendant's agent, said agent had a "long-established" procedure

---

[1] Defendant is incorporated in, and has its principal place of business in, Illinois. (See Notice of Removal ¶ 4.)

[2] As discussed above, the document from which defendant could ascertain the grounds for removal is not the complaint, but the Application, an "other paper." Personal service of papers other than the summons and complaint is not required. See, e.g., Martin v. Mentor Corp., 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) (holding "other paper" under § 1446(b) need not be formally served on defendant; finding, where "other paper" provided grounds for removal, 30-day period to remove ran from defendant's receipt of "other paper" by facsimile). Nevertheless, to the extent it could be argued that a defendant must be formally served before receipt of an "other paper" is deemed cognizable for purposes of removal, see Murphy Bros., 526 U.S. at 350 (holding service of process "is fundamental to any procedural imposition on a named defendant"), the Court will address whether service of process was effective.

2

for accepting process, specifically, process servers were directed to "drop the process" into a wire box located immediately adjacent to a "Customer Service" desk that is "staffed at all times." (See Castaneda Decl. ¶ 15.)[3]  Plaintiff's process server followed this precise procedure. (See Mazzier Decl. ¶ 3, 6.)  Defendant, however, relying on evidence that the person who staffed the Customer Service desk was not physically handed the summons and complaint, (see DeGeorge Decl. ¶ 11), argues service was not "by hand." See Hunstock v. Estate Development Corp., 22 Cal. 2d 205, 209-10 (1943) (interpreting predecessor statute of § 416.10 to require delivery "by hand").  The Court disagrees. Defendant cites no case holding service "by hand" requires hand-to-hand contact, i.e., an exchange essentially of the nature required of participants in a relay race. Cf. id. (holding delivery by registered mail not service "by hand").  From a "practical standpoint," see Pasadena Medi-Center Assocs., 9 Cal. 3d at 778, when plaintiff's process server acted in conformity with the long-standing instructions of defendant's agent, by placing the requisite documents in the designated box, such service sufficed to constitute service "by hand" on the agent.[4]  Indeed, in a notice dated January 10, 2006, defendant's agent reported to defendant that defendant had been served by "personal service."  (See Castaneda Decl. Ex. 3.)[5]

     3.  There is undisputed evidence demonstrating service of process, as well as service of the Application, was accomplished on January 5, 2006.  Plaintiff has offered evidence that on that date its process server served the summons and complaint, as well

---

[3] According to the agent's Branch Manager, "When process servers come into the office, they drop the process they are serving into the service of process box.  Most experienced process servers follow this procedure automatically upon coming into the office without speaking to [the employee staffing the desk] about the process."  (See id. ¶ 15.)

[4] According to the agent's Branch Manager, on an average week the agent is served over a thousand times, (see Castaneda Decl. ¶ 19), i.e., over two hundred times each work day.  Given such high volume, it is not surprising the agent implemented the above-described procedure.

[5] Moreover, the Court notes that, although not dispositive, defendant did not file a motion to quash service.

as the Application and other documents, on defendant's agent.  (See Mazzier Decl. ¶ 3-6.) Contrary to defendant's argument, defendant has not offered sufficient evidence to create a triable issue of fact as to the date of service, such as to warrant an evidentiary hearing. See, e.g., Waifersong, Ltd. v. Classic Music Vending, 976 F. 2d 290, 291 (6th Cir. 1992) (reviewing record of evidentiary hearing where evidence as to service "wildly conflicting"). Although defendant has submitted evidence that defendant's agent "first logged receipt" of process on January 10, 2006, (see Castaneda Decl. ¶ 22 and Ex. 1), defendant offers no evidence from which it reasonably can be inferred that its agent in fact received process on a date other than January 5, 2006.  In an effort to counter plaintiff's showing, defendant relies on evidence of a procedure designed to record receipt of process and notify the party so served.  Defendant, however, has offered no evidence describing a critical part of that procedure.  In particular, although defendant has submitted the above-referenced evidence as to how process is delivered, (see id. ¶ 15), as well as evidence as to how process is moved from the place of initial delivery to a Service of Process Customer Service Assistant ("Service of Process CSA"), (see DeGeorge Decl. ¶¶ 8-9), defendant offers no evidence as to the procedure customarily followed at that point by the Service of Process CSA, nor is there any evidence from the particular Service of Process CSA who ultimately logged in the process at issue.[6]

4. As discussed above, defendant was properly served with process on January 5, 2006, the date it also was served with the Application.  Defendant filed its Notice of Removal on February 8, 2006, more than 30 days thereafter.  Accordingly, the removal was untimely.  See 28 U.S.C. § 1446(b).

//
//
//

---

[6]With respect to the latter, for example, defendant fails to offer a declaration from Alexis Cassidy, the individual who appears to have logged in receipt of the process at issue, (see Castaneda Decl. Ex. 1), in which she might have indicated the circumstances under which she came to receive the documents.

## CONCLUSION

For the reasons stated above, plaintiff's motion to remand is hereby GRANTED, and the action is REMANDED to the Superior Court of the State of California, in and for the County of San Francisco.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 12, 2006

MAXINE M. CHESNEY
United States District Judge